*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LAMONT BERNARD HEARD,

       Defendant-Appellant.

UNPUBLISHED
February 8, 2024

No. 355536
Oakland Circuit Court
LC No. 1998-163897-FC

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendant was 18 years old when he committed first-degree premeditated murder, conspiracy to commit first-degree murder, and possessed a firearm during the commission of a felony. For the murder specific crimes, defendant was sentenced in 1999 to mandatory life in prison without the possibility of parole. In 2019, defendant filed a motion for relief from judgment, arguing in part that because he was 18 when he committed the crimes, his mandatory life sentence was unconstitutional and he was entitled to resentencing. The trial court denied the motion, holding that *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022), could not be applied retroactively to defendant's case. In light of the precedent established by *People v Poole*, __ Mich App __; __ NW2d __ (2024), we reverse and remand for further proceedings.

After defendant was convicted of first-degree murder, conspiracy to commit first-degree murder, and two counts of felony-firearm, he appealed his convictions as of right. In an unpublished, per curiam opinion, this Court affirmed defendant's convictions, rejecting arguments of prosecutorial misconduct raised in his appellate counsel's brief, as well as arguments of instructional error and ineffective assistance of counsel raised in defendant's own Standard 11[1] brief. *People v Heard*, unpublished per curiam opinion of the Court of Appeals, issued June 28,

---

[1] A Standard 11 brief is the former version of a Standard 4 brief. Administrative Order No. 2004-06.

2002 (Dkt Nos. 221827, 222017, 222018, 222019). The Supreme Court denied leave to appeal. *People v Heard*, 468 Mich 872 (2003).

Sixteen years later defendant moved for relief from judgment under MCR 6.508, asserting entitlement to a new trial for a basket full of reasons: (1) newly-discovered evidence established his conviction was based on perjured testimony, (2) the prosecution suppressed favorable evidence, (3) his trial counsel provided ineffective assistance, (4) his trial counsel violated the Sixth Amendment to the U.S. Constitution by withdrawing a viable defense, (5) his trial counsel failed to convey a settlement offer, (6) he was denied the right to be present at all stages of the trial, (7) he was deprived of his right to a public trial, (8) the trial court failed to instruct the jury that no adverse inference could be drawn from his decision not to testify, (9) the trial court erred in denying his motion for severance, (10) the trial court's constructive amendment to the indictment denied him due process, (11) the trial court's failure to produce the grand jury and witness detainer transcripts denied him due process, and (12) MCL 750.316 and MCL 791.234(6), as applied, violate the Michigan Constitution's ban on cruel or unusual punishment, because they mandate the imposition of a life sentence without parole for someone 18 years old at the time of the offense, and MCL 769.25a, violates the Equal Protection Clause, as applied. Further, he argued the failure of his previous appellate counsel to raise these issues on direct appeal constituted ineffective assistance of appellate counsel.

The trial court denied defendant's motion for relief from judgment in an opinion and order, rejecting his request to unseal the grand jury file, and finding he was not entitled to relief under MCR 6.508(D)(3), in part, because he did not demonstrate good cause for failing to raise issues 3 through 10 on direct appeal. The trial court stated:

> But for the issues related to (1) newly[-]discovered evidence, (2) suppression of evidence, and (3) the constitutionality of MCL 750.316 (life imprisonment without parole for first-degree murder) and MCL 791.234(6)(a) (ineligibility for parole for people convicted of first-degree murder under Section 750.316), all of the issues raised in his motion for relief from judgment would have been known to Defendant at the time he filed his Standard 11 brief. There was no limit on the number of issues Defendant could have raised and, there was no page limit at the time Defendant filed his Standard 11 brief.

The trial court also denied relief on the basis of newly-discovered evidence and defendant's asserted *Brady*[2] violation, determining that defendant failed to demonstrate actual prejudice under MCR 6.508(D)(3)(b). Finally, the trial court rejected defendant's constitutional challenges to MCL 750.316, MCL 791.234(6), and MCL 769.25a. The court acknowledged *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012), in which the United States Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments,' " but found the holding inapplicable to defendant because he was 18 years old at the time of his crime. And, it reasoned defendant had provided no other binding authority. With regard to defendant's equal protection argument, the trial court stated defendant failed to meet the burden of

---

[2] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

-2-

demonstrating no rational basis for treating offenders convicted of first-degree murder who have turned 18 years old different than those who have not.

We subsequently denied defendant's delayed application for leave to appeal the trial court's denial of his motion for relief from judgment, *People v Heard*, unpublished order of the Court of Appeals, entered February 25, 2021 (Docket No. 355356), but in lieu of granting leave to appeal, the Supreme Court directed us to "hold this case in abeyance pending its decision in *People v Good* (Court of Appeals Docket No. 349268). After *Good* is decided, the Court of Appeals shall reconsider this case in light of *Good*." *People v Heard*, 508 Mich 965 (2021).

*People v Good (On Reconsideration)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 349268), was decided this past April, and held "that a defendant who has supplemented appellate counsel's efforts with a Standard 4 brief does not per se waive their ability to later raise ineffective assistance of appellate counsel claims in a motion for relief from judgment." A panel of this Court then reconsidered defendant's delayed application, and granted it, limited to whether defendant is entitled to resentencing under *Parks*. *People v Heard*, unpublished order of the Court of Appeals, entered February 1, 2023 (Docket No. 355536).

## II. ANALYSIS

### A. STANDARD OF REVIEW

In reviewing this preserved issue, we are mindful that "[a] trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *People v Christian*, 510 Mich 52, 74-75; 987 NW2d 29 (2022). "An abuse of discretion occurs when the court makes a decision that 'falls outside the range of reasonable and principled outcomes,' or 'makes an error of law.' " *Id*. at 75 (citations omitted). "The retroactive effect of a court's decision is a question of law that this Court reviews de novo." *People v Quinn*, 305 Mich App 484, 489; 853 NW2d 383 (2014) (quotation marks and citation omitted).

### B. RETROACTIVITY OF *PARKS*

Under MCR 6.508(D), a court may not grant postjudgment relief if the motion for relief:

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief.

Defendant had good cause for failing to raise this sentencing challenge on direct appeal, for at the time neither *Miller* nor *Parks* had been decided. The prosecution essentially concedes this point.

-3-

Thus, our focus is on actual prejudice, which in the case of a sentencing challenge means the sentence is invalid. MCR 6.508(D)(3)(b)(*iv*). Defendant asserts actual prejudice on the basis that *Parks* should be applied retroactively to cases on collateral review, like his, and invalidates his sentence. In light of the Court's decision in *Poole*, we agree. *Poole* held that *Parks* is to be applied retroactively, and applies to sentences like defendants. *Poole* is on point and is binding under the court rule. MCR 7.215(J)(1). We therefore reverse and remand to the trial court for it to consider whether defendant's sentence of life without the possibility of parole is still the appropriate sentence under the standards set forth in MCL 769.25. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel